UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEREMIAH G. POSTEMICE,
    Plaintiff,

v.	Case No.: 3:25cv49/MW/ZCB

JJ EVANS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a motion for temporary restraining order asking the Court to enjoin "corrupt employees at Santa Rosa Institution Correction Facility." (Doc. 1). Having reviewed the motion, it is apparent that this matter should be dismissed. *See* 28 U.S.C. § 1915A(a) (requiring courts to screen actions filed *pro se* by prisoners). Rule 3 of the Federal Rules of Civil Procedure provides that a "civil action is commenced by filing a complaint." Fed. R. Civ. P. 3; *see also* Fed. R. Civ. P. 3, Advisory Committee Note 4 ("This rule provides that the first step in an action is the filing of the complaint.").

Here, Plaintiff has not filed a complaint. Instead, he has filed a motion for temporary restraining order. But a litigant cannot obtain such

preliminary injunctive relief in the absence of a properly filed complaint. *See Ala. v. U.S. Army Corps. of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) (stating that "injunctive relief must relate in some fashion to the relief requested in the complaint"). Because Plaintiff failed to properly commence this action by filing a complaint, dismissal is warranted. *See Romero v. FCI Marianna Health Servs. Admin.*, 5:21cv145, 2021 WL 3728268, at *1 (N.D. Fla. July 2021), *adopted by* 2021 WL 3726739 (dismissing case because prisoner did not properly commence a civil action by filing a motion for preliminary injunction without a complaint). Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** and the Clerk of Court be directed to close the file.

At Pensacola, Florida, this 3rd day of February 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all

other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.